[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11437
Non-Argument Calendar

_____

D. C. Docket No. 02-00468-CV-DF-5

JOHN B. FINNEY,

Plaintiff-Appellant,

versus

BIBB COUNTY PUBLIC SCHOOLS,

Defendant-Appellee,

SHARON PATTERSON,
individually and in her official
capacity as school Superintendent for
Bibb County Public Schools, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 3, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

John B. Finney appeals various decisions made by the district court during the course of Finney's trial on his Title VII retaliation suit against Bibb County Public Schools.

Finney was hired by Bibb County Public Schools as a custodian in 1993. In 1995, Finney was transferred to the Bibb County Alternative School. During the 1999-2000 school year, Finney filed a sexual harassment complaint with the Equal Employment Opportunity Commission against Bibb County Public Schools involving Alternative School's principal, Dr. James Hodges. Hodges' secretary filed a separate sexual harassment complaint against Hodges, and Finney gave a deposition and testified during her trial.

During the 2000-2001 school year, Finney was transferred to the Alexander II elementary school. After one year at Alexander II, the new principal, Rochelle Simms, testified that Finney engaged in inappropriate and insubordinate behavior. Simms testified that by the spring of 2002 Finney's inappropriate and insubordinate behavior had escalated, and she recommended that Finney no longer remain Head Custodian and be transferred. Dennis Staten, Director of Custodian Services, testified that he made the decision to terminate Finney rather than

2

transfer him. Finney was terminated in April 2002.

Finney filed a lawsuit against Sharon Patterson, Superintendent, Dennis Staten, Director of Custodian Services, and Rochelle Simms, Principal, in their individual and official capacities, and Bibb County Public Schools pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, which the district court granted. Finney filed an appeal, and this Court reversed summary judgment as to Finney's employment retaliation claim against Bibb County Public Schools, and the case was remanded to the trial court.

A jury trial was held in January 2006 on Finney's retaliation claim. The jury returned a verdict in favor of Bibb County Public Schools. The jury found that Finney had failed to establish a causal connection between his adverse employment action and his statutorily protected activities. On appeal, Finney argues that (1) the district court erred in the charge it gave to the jury on the definition of "causally related" employment retaliation, (2) the district court erred by failing to give Finney's requested charge on "causal connection," (3) the jury verdict was contrary to the weight of the evidence on the issue of causal connection, (4) the district court plainly erred by failing to ask the jury in a special interrogatory whether the Bibb County Public Schools' non-retaliatory reasons for terminating Finney's

employment were pretextual, (5) the district court erred by limiting Finney's retaliation claim in its charge to the jury to his EEOC sexual harassment charge, (6) the district court plainly erred in making a comment in addition to the standard Allen Charge, and (7) the district court abused its discretion by excluding Finney's testimony regarding the details of how he was sexually harassed by Principal Hodges.

As to Finney's claim that the district court erred in giving certain jury instructions, we apply a deferential standard of review to a court's jury instructions. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1543 (11th Cir. 1996). "'So long as the instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instructions.'" *Id.* (quoting *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995)). We will only find reversible error in the refusal to give a jury instruction if "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999). We employ the same deferential standard of review to the district court's failure to give a special interrogatory. *Bogle v. McClure*, 332 F.3d 1347, 1357 (11th Cir. 2003).

4

As to the Finney's claim that the jury verdict was contrary to the great weight of the evidence, our review is limited to whether there was any evidence to support the jury's verdict, irrespective of sufficiency, because Finney failed to move for a judgment as a matter of law in the district court and raises this issue for the first time on appeal. *Hercaire International Inc. v. Argentina*, 821 F.2d 559, 562 (11th Cir. 1987).

"We review a district court's ruling on the admissibility of evidence for abuse of discretion, and evidentiary rulings will be overturned only if the moving party establishes that the ruling resulted in a 'substantial prejudicial effect.'" *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1305 (11th Cir. 1999).

Upon review of the briefs, the record, and the evidence in this case, we find no error or abuse of discretion on the part of the district court. Furthermore, we find that there was evidence to support the jury's verdict. Accordingly, we affirm on all the issues before us.

**AFFIRMED**.